976 F.2d 725
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marie J. CLINTON, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, U. S. Postal Service,
Defendant-Appellee.
 No. 92-1256.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 16, 1992
Decided: September 30, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-100-3)
 Marie J. Clinton, Appellant Pro Se.
 E.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marie J. Clinton appeals from the district court's dismissal of her Title VII suit based on Clinton's failure to exhaust her administrative remedies. Because we find that Clinton was not required to exhaust her retaliation claim before filing suit in district court, we vacate the district court's order of dismissal and remand for further proceedings.
 
 
 2
 Clinton initially filed suit in January 1991, claiming that a number of disciplinary actions taken against her by the United States Postal Service (USPS) were motivated by racial and sexual discrimination. The district court dismissed her initial case in October 1991, and this Court recently affirmed that dismissal. In the present complaint, Clinton alleges that the USPS has retaliated against her for filing the January 1991 lawsuit by suspending her and forcing her to perform duties prohibited by her medical restrictions. The district court dismissed Clinton's second suit (the present complaint) because she had not provided evidence that she had pursued any administrative action with the USPS.
 
 
 3
 This Court has recently adopted the rule that a Title VII plaintiff may raise a retaliation claim for the first time in federal court without exhausting his or her administrative remedies if the discrimination complained of is like, reasonably related to, or grows out of, the acts complained of in the EEOC charge. See Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992). The district court did not have benefit of our decision in Nealon when it dismissed this case. Therefore, because Clinton's post-January 1991 retaliation claims are reasonably related to her previous claims, she was not required to exhaust her administrative remedies.
 
 
 4
 Accordingly, we vacate the district court's dismissal and remand for further proceedings consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 On remand, the district court should order Clinton to particularize her bare complaint. See Coleman v. Peyton, 340 F.2d 603 (4th Cir. 1965)