**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY A. PLEDGER,
Plaintiff-Appellant,

v.                                                                          No. 95-2295

CITY OF VIRGINIA BEACH,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Tommy E. Miller, Magistrate Judge.
(CA-94-1012-2)

Submitted: October 29, 1996

Decided: November 21, 1996

Before WIDENER, HALL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy A. Pledger, Appellant Pro Se. Kenneth Michael Golski,
CITY ATTORNEY'S OFFICE, Virginia Beach, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Pledger appeals the district court's grant of judgment as a matter of law to the City of Virginia Beach (the City) in Pledger's action under 42 U.S.C. § 1983 (1994), and 42 U.S.C. § 2000e-5(f)(1) (1994). The district court found Pledger's action barred by the applicable statutes of limitation. Finding no error, we affirm.

Pledger alleged that the City exposed him to a racially hostile environment, disparate treatment, and retaliation. He conceded that the last overt act of alleged discrimination occurred in May 1992. Yet, he failed to file his § 1983 claim until October 20, 1994--more than two years after the last overt act of discrimination. See VA. CODE ANN. § 8.01-243(A) (Michie 1992); Runyon v. McCrary, 427 U.S. 160, 180 (1976). Further, he failed to file a claim with the Equal Employment Opportunity Commission until July 7, 1993--more than 180 days after the last overt act of alleged discrimination. See 42 U.S.C. § 2000e-5(e). Thus, Pledger's claims are time-barred unless he established a continuing violation. See Nealon v. Stone, 958 F.2d 584, 590 n.4 (4th Cir. 1992).

Pledger claimed the City's continual failure to promote him until the time of trial constituted a continuing violation. However, he conceded that the last overt act of discrimination occurred in May 1992, and failed to cite any specific instance of discrimination within the statute of limitations period. Id. The continuing violation theory applies only when an actual violation occurred within the limitations period. Woodard v. Lehman, 717 F.2d 909, 915 (4th Cir. 1983). A "mere allegation of continuing discrimination without any identification of a discriminatory event within the statute of limitations period is insufficient to prove a continuing violation." Nealon, 958 F.2d at 592 (citing Woodard, 717 F.2d at 914-16). Thus, Pledger's claims are time-barred.

Accordingly, we affirm the court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED