**Joyce CAMPANA, Plaintiff,**

v.

**CITY OF GREENFIELD,
et al., Defendants.**

No. 00–C–0282.

United States District Court,
E.D. Wisconsin.

June 9, 2000.

Robert Sutton, Milwaukee, WI, for Plaintiff.

Wm. W. Ehret, for Defendants.

### DECISION AND ORDER

ADELMAN, District Judge.

On February 23, 2000, plaintiff Joyce Campana commenced this action against her former employer, the City of Green-

field, and several City officials. She alleges (1) gender discrimination in violation of Title VII, 42 U.S.C. § 2000e, (2) that defendants violated the Equal Pay Act, 29 U.S.C. § 206(d) by paying her less than a male for doing equal work, and (3) that she was fired without due process of law in violation of 42 U.S.C. § 1983. Defendants now move to dismiss plaintiff's Equal Pay Act claim on the ground that it is barred by the statute of limitations.

### I. FACTUAL BACKGROUND

Plaintiff alleges that the City hired her as City Treasurer in March 1991 and that she remained in that position until April 8, 1998, when she was fired.[1] Plaintiff further alleges that in 1992 the City created the position of Comptroller and filled the position with a male. Plaintiff alleges that the position of Comptroller was held by a male until April 8, 1998, when the separate positions of Treasurer and Comptroller were abolished and the positions were combined. Plaintiff claims that the duties of the Treasurer and Comptroller were comparable, that the Comptroller was always paid more than the Treasurer and that this disparity in pay violated the Equal Pay Act.

In October 1994 plaintiff wrote to the Greenfield Common Council expressing her concern about the unequal pay. Defendants argue that the statute of limitations on plaintiff's Equal Pay Act claim started running when plaintiff wrote this letter acknowledging her awareness of the pay disparity and that the statute has since expired. Under 29 U.S.C. § 255(a), an Equal Pay Act suit must be commenced within two years after the cause of action accrued, or within three years after the cause of action accrued if the alleged violation was willful.[2]

1. Defendants assert that plaintiff's complaint indicates that she was moved to the position of analyst/special projects around August 1997 and that she makes no Equal Pay Act claims after that. However, the complaint alleges only that "City officials created a new position of Analyst/Special Projects and tried to remove plaintiff from her position as the

Greenfield City Treasurer ..." (Compl.¶ 8.) On this motion I must construe all facts in the light most favorable to plaintiff, thus I will assume that plaintiff served as Treasurer until April 1998.

2. In her complaint plaintiff does not use the word "willful" but does characterize defen-

## II. STANDARD OF REVIEW

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998); Fed.R.Civ.P. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun,* 163 F.3d at 452 (quoting *Craigs, Inc. v. General Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *See id.* The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiff's claim are not ignored. *See id.* The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *See id.* at 452–53. The Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. *See id.* at 453.

## III. DISCUSSION

█ The problem with defendants' argument that the statute of limitations on plaintiff's Equal Pay Act claim started to run in October 1994 is that in cases involving claims of discriminatory pay, each unequal paycheck is considered a separate violation. *Bazemore v. Friday,* 478 U.S. 385, 395–96, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986); *Pollis v. New Sch. for Soc. Research,* 132 F.3d 115, 118 (2d Cir.1997); *Nealon v. Stone,* 958 F.2d 584, 591 (4th Cir.1992); *Derouin v. Louis Allis Div.,* 618 F.Supp. 221, 223 (E.D.Wis.1984). Thus, the fact that a victim of unequal pay becomes aware of the pay disparity does not trigger the statute of limitations with re-

spect to subsequent violations. *See Jenkins v. Home Ins. Co.,* 635 F.2d 310, 312 (4th Cir.1980) (company's alleged discrimination manifested in continuing violation which ceased only at the end of plaintiff's employment notwithstanding her prior awareness of wage discrepancy); *Gandy v. Sullivan County, Tenn.,* 24 F.3d 861, 863 (6th Cir.1994) (plaintiff's action not time-barred as long as at least one discriminatory act occurs within relevant limitations period).

█ The continuing violation doctrine, however, does not permit a victim of an Equal Pay Act violation to recover damages for a period of unequal pay occurring prior to the commencement of the limitations period. *See Pollis,* 132 F.3d at 117; *see also Nealon,* 958 F.2d at 591 n. 5 (plaintiff limited to recovering only those damages accruing during the three years prior to filing suit under § 255(a) of the EPA).

█ Here, plaintiff alleges that defendants violated the Equal Pay Act in every pay period until she was terminated in April 1998. She commenced this suit on February 23, 2000. Thus, taking all facts in the light most favorable to her, plaintiff could recover for any Equal Pay Act violation involving a pay period within three years of the filing of the lawsuit, i.e., any violations occurring since February 23, 1997.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss based on the statute of limitations is **GRANTED** with respect to plaintiff's claims involving Equal Pay Act violations which occurred prior to February 23, 1997 and **DENIED** with respect to the claims involving Equal Pay

---

dants' conduct as "arbitrary and capricious" and "outrageous." (Compl.¶ 17.) For purposes of this discussion I will assume that this characterization constitutes a claim that the

violation was willful and that the statute of limitations on the Equal Pay Act claim is three years.

Act violations which occurred on and after that date.