**MARINE MIDLAND REALTY CREDIT CORP. and All American Life Ins. Co.**

v.

**LLMD OF MICHIGAN, INC., Leon Winitsky, and Michael Winitsky.**

Civ. A. No. 93–1750.

United States District Court, E.D. Pennsylvania.

May 19, 1993.

M. Duncan Grant, Pepper, Hamilton & Scheetz, Thomas M. Kittredge, Morgan Lewis & Bockius, Philadelphia, PA, for plaintiffs.

Lawrence T. Hoyle, Jr., Hoyle, Morris & Kerr, Philadelphia, PA, for defendants.

## MEMORANDUM

BARTLE, District Judge.

This is a lawsuit to enjoin the defendants LLMD of Michigan, Inc. and Leon and Michael Winitsky (collectively "LLMD") from breaching the confidentiality provision of a settlement agreement. This Court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy in excess of $50,000, exclusive of interest and costs. 28 U.S.C. § 1332.

The agreement in issue here involves the settlement of a diversity action which LLMD filed in this Court in 1989 at Civil Action No. 89–9163 against Marine Midland Realty Credit Corporation ("Marine Midland") and USLIFE Life Insurance Company ("USLIFE").[1] LLMD alleged that Marine Midland and USLIFE breached an agreement to lend LLMD some $10 million in connection with an attempted purchase of a 177 acre tract in Springfield, Michigan.

During the recent jury trial of the 1989 case before the undersigned, LLMD called an individual from the Jackson–Cross Company ("Jackson–Cross") as an expert witness. He testified on direct examination as to LLMD's lost profits of $6.0 million because of the alleged breach of contract. Cross-examination, however, established that his written loss computation, which was previously submitted in an expert report, contained a series of serious mathematical errors. The expert was unable to give an opinion as to the amount of LLMD's loss after those errors were exposed. As a result, this Court struck his testimony in its entirety. Before the conclusion of the trial, the parties to the action reached a settlement, and Civil Action No. 89–9163 was dismissed pursuant to Local Rule 23(b). The settlement agreement was not made part of the record in the case, was not incorporated into an order of the court, and was not approved by the court.

The written settlement agreement signed by the parties provided in relevant part:

[The parties] ... agree not to disclose any of the *financial terms or conditions* of this Settlement Agreement and General Release *except as required by law or by judicial or administrative process or regulation.* The non-disclosure agreement set forth in this paragraph is a material inducement to Marine and USLIFE to enter into this Settlement Agreement and General Release.... (emphasis added).

*Within a number of weeks after the dismissal* of Civil Action No. 89–9163, LLMD brought an action against Jackson–Cross in the Court of Common Pleas of Philadelphia County, Pennsylvania claiming that LLMD had accepted "a settlement for an amount far less than the lost profits [it] sustained" as a consequence of the expert's errors. The relief sought in that action is reimbursement for the expert's corrected calculation of $2.7 million in lost profits, minus the amount which LLMD actually accepted in the settlement of Civil Action No. 89–9163. Accord-

---

1. USLIFE is presently known as All American Life Insurance Company.

ingly, the settlement amount in the 1989 action is indeed relevant, if not central, to LLMD's action in the Court of Common Pleas. While LLMD was careful not to set forth in its state court complaint the amount of the settlement of the federal action, there can be no doubt that this information will have to be divulged at some early point in discovery and ultimately at trial.

After learning of the pendency of the state action against Jackson–Cross, Marine Midland and USLIFE filed a motion with this Court, in Civil Action No. 89–9163, to preclude LLMD and the law firm representing those parties, from disclosing, in connection with that state court action, the financial terms of the settlement. The motion for an injunction proceeded to a final hearing before this Court on March 26, 1993. On that same day, however, the Court of Appeals for the Third Circuit decided *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3rd Cir.1993). That court held:

> ... unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement ...

We called this case to the attention of counsel, who then filed supplemental briefs. Based on *Sawka*, this Court denied the motion for injunction for lack of jurisdiction. In the meantime, Marine Midland and USLIFE brought the present independent diversity action which also seeks "to enjoin violation of [the] settlement agreement." The parties have agreed that the testimony taken at the final injunction hearing in Civil Action No. 89–9163 should be incorporated by reference here.

The confidentiality provision of the settlement agreement in Civil Action No. 89–9163 expressly prohibits the disclosure of the financial terms of that settlement except as "required by law or by judicial or administrative process or regulation." Plaintiffs contend that the exception is inapplicable where as here a party "voluntarily and consciously invoked the 'judicial process'" by initiating a state court action to collect damages. LLMD, on the other hand, maintains that disclosure is permitted where a party is seeking to recover damages in a lawsuit. LLMD also argues that (1) plaintiffs cannot meet the standards for injunctive relief; (2) a prohibition on disclosure would violate the Federal Anti–Injunction Act, 28 U.S.C. § 2283;[2] and (3) the Philadelphia Court of Common Pleas can adequately protect the interests of plaintiffs under Rule 4012 of the Pennsylvania Rules of Civil Procedure which permits the issuance of Protective Orders.

The only authority cited by either party with respect to the meaning of the confidentiality clause is *Reiser v. West Company*, No. 88–334, 1988 WL 35916, 1988 U.S.Dist. LEXIS 3243 (E.D.Pa., filed April 14, 1988). *Reiser* was an action for alleged sexual discrimination. During discovery the plaintiff subpoenaed a prior West Company employee who previously had brought a similar action against the company. The defendant company sought to bar the witness' testimony on the ground that a confidentiality agreement was part of the terms of the settlement of her lawsuit. That confidentiality agreement, however, provided that information subject to confidentiality could be disclosed "pursuant to legal process." Based on the fact that "[i]t is well established that a subpoenaed witness testifies pursuant to legal process," Judge Newcomer of this Court held in *Reiser* that the confidentiality agreement did not preclude the disclosure of information.

Unlike *Reiser*, where the witness was under compulsory process to testify, this case involves a party to the settlement agreement who, on its own initiative, started a lawsuit in the state court where the financial terms of the settlement will have to be provided. The parties have cited and the Court has found no authority involving the situation presented here.

In construing the settlement agreement, we will apply Pennsylvania law. *See*

---

**2.** 28 U.S.C. § 2283 provides:
A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

¶ 15 of the Settlement Agreement and General Release.[3] Settlement agreements are contracts between the parties and contract principles are generally applicable to their construction. *See Carpenter Technology Corp. v. Armco, Inc.,* 800 F.Supp. 215, 219 (E.D.Pa.1992). In undertaking such construction it is the task of an interpreting court to conform with the intention of the parties at the time of the contract. *See Fineman v. Armstrong World Industries, Inc.,* 980 F.2d 171, 215–216 (3d Cir.1992). The method of analysis by which Pennsylvania courts determine and give effect to the contracting parties' intent is by application of the "plain meaning rule." *Department of Trans. v. Manor Mines, Inc.,* 523 Pa. 112, 565 A.2d 428, 432 (1989). *See Hutchison v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d 385, 390 (1986). Additionally, where a contract is ambiguous, it must be construed against the drafter. *Standard Venetian Blind v. American Empire Insurance,* 503 Pa. 300, 304–305, 469 A.2d 563, 566 (1983).

The confidentiality clause allows for disclosure, if disclosure is "required by law or by judicial or administrative process or regulation." As stated above, plaintiffs argue that LLMD does not fit within this exception because LLMD was not compelled to file the state court action where the financial terms of the settlement will be disclosed. Plaintiffs are correct that LLMD acted voluntarily in the sense that no law, under threat of punishment, places on LLMD an affirmative duty to initiate the state court lawsuit. LLMD will not be fined or subjected to other punitive action if it does not do so. That, however, does not end the analysis.

■ The phrase "required by law" is broader than the interpretation plaintiffs are putting on it. A legal requirement is not limited to a situation where failure to comply will result in a fine or other punitive order, such as in *Reiser.* The law requires many acts where the consequence for failure to comply is not punishment per se but the denial or loss of an important right or privilege. Such acts are in reality just as much legal requirements as where punitive action

may result. For example, the law requires a person to obtain a license if he or she wishes to drive a car, and denies the privilege of driving for failure to obtain a license. The law requires a person to register in order to vote and denies the franchise if a person fails to register. Similarly, if LLMD is to take advantage of its right to seek redress in a court of law for its claimed injury, it is required by law or judicial process to bring a lawsuit and to divulge the settlement amount. Failure to file the lawsuit will mean that LLMD will have to forego that important right. Moreover, any decision by this Court to order the financial terms of the settlement to remain confidential will prevent LLMD from attempting to obtain any recompense to which it believes it is entitled. To say that LLMD is not compelled to disclose the settlement figure under these circumstances is to give the words "required by law" much too narrow a reading.

In reaching this conclusion, the Court emphasizes that plaintiffs have presented no evidence that LLMD instituted the state court lawsuit in bad faith or solely as a subterfuge to divulge the amount of the settlement of the 1989 lawsuit. LLMD is represented by counsel in the state court. Under Rule 3.1 of the Pennsylvania Rules of Professional Conduct, "a lawyer shall not bring ... a proceeding or assert ... an issue therein, unless there is a basis for doing so that is not frivolous." Plaintiffs do not contend that the state court lawsuit is frivolous.

This Court recognizes that confidentiality is often essential to the settlement of cases. The Court in no way minimizes the importance or denies the legitimacy of confidentiality provisions. Yet, in the final analysis, it is the language of the settlement agreement that governs. The Court will not enjoin disclosure where it is not specifically prohibited by the settlement agreement. The agreement in this case, according to its plain meaning, does not prevent a party from bringing a bona fide lawsuit in which the settlement figure must necessarily be disclosed in order to obtain legal redress. Certainly all parties to the settlement must have

---

**3.** Paragraph 15 states that "This Settlement Agreement and General Release shall be construed in accordance with the laws of the Commonwealth of Pennsylvania."

been aware of the distinct possibility of a lawsuit by LLMD against its expert for either breach of contract or negligence. The events in question had occurred in the courtroom before their very eyes. Had the parties wished to define more narrowly the "required by law" exception to confidentiality so as to deal with the present situation, they could have done so.

This Court's decision is not intended to intrude upon the jurisdiction of the Court of Common Pleas of Philadelphia County. The state court judge may, of course, enter a protective order in accordance with Rule 4012 of the Pennsylvania Rules of Civil Procedure. Nor will this Court interfere with any subsequent agreement of the parties to maintain, to the extent possible, the confidentiality of the financial terms of the prior settlement.

It is unnecessary for this Court to reach the other issues raised by LLMD.

The request of plaintiffs for a final injunction will be denied.