**Marvin M. REDDING**

v.

**ANNE ARUNDEL COUNTY, MARYLAND.**

No. CIV. Y–97–728.

United States District Court, D. Maryland.

March 13, 1998.

tive claims within the limitations period required by law. The Court, construing the claim under § 1981 contained in Count III as a claim under 42 U.S.C. § 1983, found that Count III adequately stated a claim upon which relief could be granted, and denied the motion as to that Count.

Subsequently, Defendant filed a motion to dismiss Count III on statute of limitations grounds, and two motions to compel discovery. Plaintiff has filed a motion to amend, which he contends renders the motion to dismiss moot, and a motion to compel discovery. Additionally, Defendant has filed a motion for summary judgment, which is not yet ripe. The Court heard oral argument concerning these motions on March 11, 1998. For the reasons discussed below, the Court will grant Defendant's motion to dismiss and will deny Plaintiff's motion to amend, rendering the remaining motions moot.

Louis P. Tanko, Jr., Pasadena, MD, for Plaintiff.

Phillip F. Scheibe, County Attorney, Annapolis, MD, Julie T. Sweeney, Assistant County Attorney, Annapolis, MD, for Defendant.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

Plaintiff Marvin M. Redding brought this action against Defendant Anne Arundel County, Maryland, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1981. The Court previously denied Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6). On reconsideration of that ruling, the Court, by Memorandum Opinion and Order dated January 15, 1998, granted the motion and dismissed Counts I and II, finding that Plaintiff had failed to file administra-

### II.

The gist of Plaintiff's § 1983 claim, as detailed in the Court's previous Memorandum Opinion, is that Defendant deprived Plaintiff of Fourteenth Amendment and statutory rights by discriminating against Plaintiff, who is African–American, in granting overtime to employees of Anne Arundel County's Public Works Department. Defendant contends that Plaintiff did not bring his claim within Maryland's general three-year limitations period, *see* MD. CODE ANN., CTS. & JUD. PROC. § 5–101. Plaintiff contends the motion is moot in light of his motion to amend, that the Court addressed the issue in its earlier Opinion, and that his claim is timely filed because it alleges a continuing pattern and practice of discrimination. Finally, Plaintiff argues the motion is untimely under FED. R. CIV. P. 12.

### A.

Regarding the issue of timeliness under Rule 12, Defendant correctly notes that the instant motion is based on the defense of statute of limitations, and this defense was raised in the answer. Further, this issue was not apparent until the Court construed the § 1981 claim as a § 1983 claim in the

January 15 Opinion. Accordingly, this argument has no merit.

### B.

■ Plaintiff argues that the § 1983 claim cannot be dismissed because it alleges a continuing violation of law which tolls the statute of limitations. Defendant counters that even in a continuing violation case, Plaintiff must still allege conduct occurring within the limitations period.

The Court, in its earlier Opinion, held that Title VII and ADA claims alleging a continuous violation must allege a discriminatory act committed within the limitations period. This holding is based on Supreme Court and Fourth Circuit case law concerning Title VII, and on the ADA's specific adoption of Title VII's procedural requirements. The Fourth Circuit applies the doctrine to § 1983 claims. *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir.1991); *Jones v. Frederick County Bd. of Educ.*, 689 F.Supp. 535, 539 n. 3 (D.Md.1988).

■ Case law has developed two general categories of continuing violations. The first is a pattern of ongoing or continuous discrimination, which is sometimes referred to as a "serial violation". *See* Edward T. Ellis *et al.*, *Developments in Employment Discrimination Law: Continuing Violations*, SC08 ALI–ABA 707, 711 (1997). A serial violation exists when an employer engages in a series of discriminatory actions deriving from "the same discriminatory animus". *E.g.*, *Sabree v. United Brotherhood of Carpenters & Joiners Local No. 33*, 921 F.2d 396, 400 (1st Cir.1990); *Dixon v. Anderson*, 928 F.2d 212, 216–17 (6th Cir.1991). Proof of the serial violation requires a showing that the discrimination complained of is more than isolated or sporadic. *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 755 (3rd Cir. 1995). A plaintiff must demonstrate both a discriminatory act *within the limitations period*, and a relationship between the act within the limitations period and the acts or events which would otherwise be time-barred, to prevail on a serial violation theory *Id.*; *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1415 (10th Cir.1993); *National Advertising*, 947 F.2d at 1167.

The second type of continuing violation encompasses systemic violations where an express policy of unlawful discrimination exists, requiring the plaintiff to prove that the policy "manifests itself over time." *Ross v. Runyon*, 858 F.Supp. 630, 637 (S.D.Tex. 1994); *Ellis, supra*, at 717. *See also Hill v. AT & T Tech., Inc.*, 731 F.2d 175, 176 (4th Cir.1984) ("across-the-board" pattern of discrimination in hiring, job assignments, and promotions); *Dixon*, 928 F.2d at 217 ("overarching policy of discrimination" required). In *Hill*, which alleged a systemic violation, the Fourth Circuit required the plaintiff to allege a discriminatory act within the limitations period. 731 F.2d at 179–80 (the continuing violation theory is not "a talismanic or shibboleth term automatically relieving a claimant of any obligation" to comply with the limitations period).

■ To impose § 1983 liability against Anne Arundel County, Plaintiff must prove "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" which inflicts an injury. *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipal policy may be an ordinance, or the formal or informal choices of officials authorized to make and implement official policy. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir.1987). The existence of a custom or usage under § 1983 may be found in persistent and widespread practices of municipal officials which are so permanent and well-settled as to have the force of law. *Monell*, 436 U.S. at 691 (citing and quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Section 1983, as interpreted by *Monell* and its progeny, thus specifically permits liability against municipalities to be premised on either a "serial violation" or a "systemic violation" within the meaning of the continuing violation doctrine—that is, a plaintiff may prove either a widespread, persistent pattern or practice of municipal officials, or an official, systemic, policy decision, to state a claim under § 1983. Thus, the

continuing violation theory, and the pleading and proof requirements of § 1983, dovetail.

Plaintiff's complaint alleges the Defendant's repeated, persistent discrimination against him regarding overtime benefits. Plaintiff thus alleges a "serial violation", which requires him to allege and prove *both* the existence of the pattern or practice of discrimination, *and* the existence of at least one related act within the limitations period, as discussed above.[1] As with his Title VII and ADA claims, Plaintiff's original complaint fails to allege an act occurring within the limitations period—that is, an act occurring after March 11, 1994. Accordingly, Plaintiff has failed to satisfy the statute of limitations, and the claim, and therefore the case, must be dismissed unless the Court grants the motion to amend.

### III.

Plaintiff moves to amend his complaint to include additional allegations of discrimination, and a new Title VII claim. Plaintiff contends that, because counsel was retained only three days before the deadline to file suit, counsel did not have sufficient time to conduct a full investigation. Plaintiff now wishes to add, based on information obtained at Plaintiff's deposition last December, allegations of discrimination within the relevant limitations period; allegations that Plaintiff was denied overtime opportunities in the assignment of what is known as "leak week;" and allegations of greater specificity.

The Court has wide discretion to permit amendments of pleadings under FED. R. CIV. P. 15(a). *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987). Although Rule 15(a) is generous, the Court may, in its discretion, deny a motion to amend if the product of undue delay and if prejudice would result to the non-movant. *In re Jeffrey Bigelow Design Group, Inc.,* 956 F.2d 479, 482 (4th Cir.1992). In this case, Defendant correctly notes that even though the complaint was filed at the last minute, thereby depriving counsel of adequate opportunity to investigate the case, Plaintiff's counsel subsequently had eight

months to develop this information through discovery. Instead, Plaintiff waited until after the close of discovery—and this Court's earlier Opinion—to make this motion, and waited until the eleventh hour to initiate discovery.

At this late stage of the litigation, with trial rapidly approaching and a summary judgment motion pending, it would be highly prejudicial to Defendant to permit the amendment. Defendant correctly noted at oral argument that considerable additional discovery would be needed, new motions would need to be filed, and the trial would be postponed—all at the considerable expense of Anne Arundel County taxpayers. Further, the allegations which Plaintiff now seeks to add were within the exclusive knowledge of the Plaintiff, and could have been presented to Plaintiff's counsel at a substantially earlier time. Although counsel may not have had time to develop the facts prior to filing suit, considerable time existed prior to Plaintiff's deposition to raise these issues and include them in amended complaint. Accordingly, the motion is untimely, and Defendant would be prejudiced.

Based upon the foregoing analysis, Defendant's second motion to dismiss will be granted, and Plaintiff's motion to amend will be denied. The case will be dismissed with prejudice. This disposition renders the parties' remaining motions moot.

### ORDER

In accordance with the attached Memorandum, it is this 13th day of March 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion to Dismiss (Paper No. 16) BE, and hereby IS, GRANTED; and

2. That Plaintiff's Motion to Amend Complaint (Paper No. 22) BE, and hereby IS, DENIED; and

---

**1.** It is undisputed that Maryland's general three-year statute of limitations applies to the § 1983 claim. *See* MD. CODE ANN, CTS. & JUD. PROC. § 5–

101; *Jones v. Frederick County Bd. of Educ.,* 689 F.Supp. 535, 539 (D.Md.1988).

3. That Defendant's First Motion to Compel (Paper No. 18) BE, and hereby IS, DENIED AS MOOT; and

4. That Defendant's Second Motion to Compel (Paper No. 19) BE, and hereby IS, DENIED AS MOOT; and

5. That Plaintiff's Motion to Compel and to Extend Time of Discovery and Motions Deadlines (Paper No. 17) BE, and hereby IS, DENIED AS MOOT; and

6. That Defendant's Motion for Summary Judgment (Paper No. 32) BE, and hereby IS, DENIED AS MOOT; and

7. That Defendant's Motion to Withdraw Second Motion To Compel (Paper No. 26) BE, and hereby IS, DENIED AS MOOT; and

8. That the case BE, and hereby IS, DISMISSED WITH PREJUDICE; and

9. That the Clerk of the Court close this case; and

10. That a copy of this Memorandum and Order be mailed to counsel for the parties.