**Ibnomer M. SHARAFELDIN, Plaintiff,**

v.

**State of MARYLAND, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, Defendant.**

#### No. CIV. H–99–2940.

United States District Court, D. Maryland.

April 10, 2000.

Fatai A. Suleman, Law Office, Hyattsville, MD, for plaintiff.

Scott S. Oakley, Asst. Atty. Gen., Baltimore, MD, for defendants.

*MEMORANDUM AND ORDER*

ALEXANDER HARVEY, II, Senior District Judge.

In this civil action, plaintiff Ibnomer M. Sharafeldin ("Sharafeldin") has sued his former employer, asserting claims of (1) hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), (2) constructive discharge, and (3) breach of settlement agreement. Named as the sole defendant in the amended complaint is State of Maryland Department of Public Safety

and Correctional Services (the "Department").

Presently pending before the Court is defendant's motion to dismiss the amended complaint. Memoranda in support of and in opposition to the pending motion have been filed by the parties and reviewed by the Court. No hearing is necessary for a decision on the pending motion. *See* Local Rule 105.6. For the reasons stated herein, the pending motion to dismiss will be granted in part and denied in part.

## I

### Background Facts

Sharafeldin is a black male of Sudanese origin and is a practicing Muslim. From September 1991 through December 1998, Sharafeldin was employed full-time by the Department as an Islamic Chaplain at one of its correctional facilities located in Hagerstown, Maryland.

Between 1993 and 1998, Sharafeldin on at least five separate occasions filed charges of discrimination against the Department with the Equal Employment Opportunity Commission ("EEOC"). These charges of discrimination were generally based on allegations of discriminatory harassment by the Department against Sharafeldin on account of his race, sex, religion and/or national origin. In February of 1995, the Department and Sharafeldin entered into a settlement agreement (the "Agreement") in which Sharafeldin dismissed all then pending charges of discrimination against the Department in exchange for, among other things, the Department's promise (1) that it would notify him of vacant chaplain positions in the Baltimore and Jessup regions and would interview him for consideration of those positions and (2) that it would not retaliate against or harass Sharafeldin.[1]

On or about December 4, 1998, Sharafeldin filed with the EEOC his most recent charge of discrimination against the Department ("EEOC Charge"). This pending action is based on that EEOC Charge which arose out of an alleged physical altercation between Sharafeldin and two white non-Muslim employees of the Department. Sharafeldin alleged in his EEOC Charge that he was harassed by these two individuals on account of his religion, and further alleged that he had continually been harassed on the basis of his religion while working at the Department since 1993. Additionally, Sharafeldin there asserted that he was passed over for transfer and was denied accident leave in retaliation for having filed charges of discrimination against the Department in the past.

On or about July 9, 1999, the EEOC issued to Sharafeldin a "Right to Sue" letter. On September 27, 1999, Sharafeldin, proceeding *pro se,* filed in this Court a "Complaint for Employment Discrimination" (the "*Pro Se* Complaint"). Named as defendants were the Department and various Department officials. The *Pro Se* Complaint alleged in general terms employment discrimination on the basis of Sharafeldin's race, color, religion and national origin. Thirty-five exhibits were attached to the *Pro Se* Complaint.

In response to Sharafeldin's *Pro Se* Complaint, the Department and various individual defendants filed a motion to dismiss. While the Department's motion was pending, Sharafeldin obtained private counsel who has now entered his appearance in the case. At a status conference, the Court granted leave to Sharafeldin to file an amended complaint and denied the defendants' motion to dismiss as moot. Counsel for Sharafeldin filed an amended complaint on February 18, 2000. The pending motion seeks dismissal of the amended complaint.

The amended complaint contains three counts, all of which are brought against

---

**1.** It appears that, since entering into the Agreement with the Department, Sharafeldin has filed charges of discrimination against the Department on at least three additional occasions, not including his most recent charge which is the basis for this pending suit. The record here does not disclose the status or disposition of those other three charges.

only the Department. Count I alleges hostile work environment harassment on the basis of Sharafeldin's race, color, religion and national origin. Count II asserts a claim of constructive discharge based on alleged hostile work environment harassment which allegedly caused Sharafeldin to suffer from Post Traumatic Stress Disorder ("PTSD") and which ultimately resulted in his inability to continue working in his position as Islamic Chaplain at the Department's Hagerstown facility. In Count III, Sherafeldin asserts a claim of breach of the Agreement by the Department based upon (1) the Department's alleged failure to inform Sharafeldin of certain chaplain vacancies at Department facilities, and (2) the Department's alleged retaliation against Sharafeldin for having filed charges of discrimination against the Department in the past. Plaintiff seeks $5 million as compensatory damages, $5 million as punitive damages and attorneys' fees and costs.

## II

### The Parties' Contentions

In support of its pending motion to dismiss, defendant first argues that this Court is without subject matter jurisdiction to entertain certain claims asserted by plaintiff in the amended complaint because they were not within the scope of his EEOC Charge. Defendant also contends that some of plaintiff's claims are barred by limitations. According to defendant, any claims concerning incidents occurring prior to April 8, 1998 must be dismissed by the Court as untimely.

Defendant has also challenged plaintiff's hostile work environment claim on the ground that it is supported merely by conclusory allegations of harassment and discrimination which do not satisfy the burden assumed by plaintiff under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Finally, defendant maintains that plaintiff's breach of contract claim in Count III must be dismissed because defendant as a state

agency enjoys Eleventh Amendment immunity in federal court as to such a claim.

In opposing the pending motion, plaintiff argues that this Court has subject matter jurisdiction to consider his claims because they were presented to the EEOC as a part of its investigation of his claims. Plaintiff relies on the so-called "continuing violation" theory in arguing that his claims are timely and not barred by limitations.

According to plaintiff, he has properly satisfied the requirements of Rule 8(a) as to each count of the amended complaint. Plaintiff further contends that Count III is cognizable by this Court under Title VII and not under state contract law and that the Eleventh Amendment is therefore inapplicable. Plaintiff also maintains that defendant has waived any possible Eleventh Amendment immunity as a result of the provision contained in the Agreement that it could "be specifically enforced in court ..."

## III

### Applicable Principles of Law

Rule 8, F.R.Civ.P., establishes the general pleading rules which a plaintiff must follow in a suit filed in the federal court. Rule 8(a) states, in pertinent part, that:

[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

■■■ A plaintiff has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), a district court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without con-

verting the proceeding to one for summary judgment." *Id.* A district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

It is well established that a motion to dismiss under Rule 12(b)(6), F.R.Civ.P., should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining whether to dismiss a complaint, a court must view the material allegations in a light most favorable to the plaintiff, with the alleged facts accepted as true. 2A Moore's Federal Practice, 12.07 [2.–5] (2d ed.1987); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 304–21 (1990). Moreover, the allegations will be construed liberally in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue in reviewing the sufficiency of the pleadings in a complaint is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.*

■ Title VII creates a federal cause of action for employment discrimination. *See* 42 U.S.C. § 2000e–2(a). Before a federal court may assume jurisdiction over an employment discrimination claim asserted under Title VII, an aggrieved person must have first timely filed a charge of discrimination with the EEOC. *Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1329 (4th Cir. 1976). The complaint of a plaintiff in an employment discrimination case is limited by the scope of the investigation which could have reasonably been anticipated to have grown out of the charge filed with the EEOC. *Chisholm v. United States Postal Svc.,* 665 F.2d 482, 491 (4th Cir.1981). "Courts may only exercise jurisdiction over claims encompassed within the EEOC charge and claims 'like or related to allegations contained in the charge, or which grow out of such allegation.'" *Riley v.*

*Technical & Mgmt. Serv. Corp.,* 872 F.Supp. 1454, 1459 (D.Md.1995) (quoting *Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir.1992)). Thus, when determining whether a Title VII civil action is supported by the underlying EEOC charge, a federal court must make a "careful comparison of the allegations in the complaint with the allegations in the [EEOC] charge or charges and the issues investigated by the [EEOC]." *Mobley v. Acme Markets, Inc.,* 473 F.Supp. 851, 854 (D.Md.1979).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, ... or national origin." 42 U.S.C. § 2000e–2(a)(1). Harassment which creates a hostile work environment is actionable under Title VII because it amounts to discrimination in the conditions of employment. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 63–68, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Katz v. Dole,* 709 F.2d 251, 254 (4th Cir.1983).

■ The case law has developed two general categories of continuing violations. The category pertinent to this action involves a pattern of ongoing or continuous discrimination referred to as a "serial" violation. *Redding v. Anne Arundel County, Md.,* 996 F.Supp. 488, 490 (D.Md.1998). A "serial" violation is one "comprising of a number of discriminatory acts emanating from the same discriminatory animus, each of which constitutes a separate wrong actionable under Title VII." *Id.* at 490. To prevail on a "serial" violation theory, the series must contain a specific "beachhead violation" occurring within the limitations period. *Pilgrim v. Trustees of Tufts College,* 118 F.3d 864, 869 (1st Cir.1997).

■ To recover under a theory of constructive discharge, a plaintiff must show that his "employer deliberately ma[de] an employee's working conditions intolerable and thereby force[d] him to quit his job." *Martin v. Cavalier Hotel Corp.,* 48 F.3d

1343, 1350 (4th Cir.1995) (citing *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir.1985)).

■ The Eleventh Amendment bars suit in federal court against a state or one of its agencies or departments, regardless of the nature of the relief sought. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Exceptions to the scope of the Eleventh Amendment's prohibition are limited. Congress may override a state's sovereign immunity, but only through "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States." *Pennhurst*, 465 U.S. at 99, 104 S.Ct. 900 (internal quotations and subsequent citation omitted). In addition, a state may waive its sovereign immunity, but only "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ Congress has abrogated state sovereign immunity under Title VII by authorizing a suit brought under that statute against a state as an employer. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). However, courts have held that where a state employee seeks redress for the alleged breach by the state of a settlement agreement which dismissed formerly pending Title VII claims against the state, the gravamen of such employee's grievance lies in contract. *See Chi v. Board of Education Harford County*, No. 93–3569, 1995 WL 131288, at *4 (D. Md. Feb. 6 1995) (citing *Marine Midland Realty Credit Corp. v. LLMD of Mich., Inc.*, 821 F.Supp. 370, 373 (E.D.Pa.1993)). As such, courts have concluded that actions for breach of a settlement agreement dismissing Title VII claims are actions which arise under state contract law and that no basis for federal jurisdiction exists for breach of such agreements because such actions are precluded by the Eleventh Amendment from being brought in federal court. *Id.*

## IV

### *Discussion*

■ On the record here, this Court concludes that Count III of plaintiff's amended complaint must be dismissed. It is well established that states generally enjoy Eleventh Amendment immunity from suits in federal court, with two exceptions. The first exception involves circumstances where there is an "unequivocal expression" by Congress to override the states' sovereign immunity protection. *Pennhurst*, 465 U.S. at 99, 104 S.Ct. 900. The second exception involves circumstances where the state has expressly waived its Eleventh Amendment immunity. *Edelman*, 415 U.S. at 673, 94 S.Ct. 1347.

Since neither exception is present here, Count III must be dismissed. While plaintiff is correct in noting that Congress has abrogated state sovereign immunity under Title VII, the claim asserted by him in Count III is not one that arises under Title VII. Rather it is a claim which arises as a result of the alleged breach by defendant of the Agreement. The breach of such an agreement, even one involving the dismissal of Title VII claims, gives rise only to a claim arising under principles of state contract law. *Chi*, 1995 WL 131288, at *4. Accordingly, the first exception to an Eleventh Amendment defense is not applicable to Count III because Congress has not unequivocally overturned the availability of a sovereign immunity defense insofar as a breach of contract claim is concerned.

■ Similarly, plaintiff has failed to demonstrate that the second exception to the Eleventh Amendment immunity applies in this particular case. Although plaintiff has noted that the Agreement contains a provision which permits its enforcement in "courts," this provision does not specifically state that the Agreement may be enforced in the *federal* courts. As such, the language in question may reason-

ably be interpreted as encompassing the state courts, the federal courts, or all courts. However, a state may not be deemed to have waived its Eleventh Amendment immunity unless it has done so "by the most *express language* or by such overwhelming implications from the text as [will] leave *no room for any other reasonable construction." Edelman,* 415 U.S. at 673, 94 S.Ct. 1347 (emphasis added). Inasmuch as there are at least three entirely reasonable interpretations of the relevant provision of the Agreement relied upon by plaintiff, this Court does not agree that the Department expressly waived its Eleventh Amendment immunity. Accordingly, Count III of the amended complaint will be dismissed on the ground of state sovereign immunity.

Counts I and II will not be dismissed. At this stage of the case, the Court is not convinced that subject matter jurisdiction over the claims in question does not exist. There are material jurisdictional facts in dispute here, making dismissal of such claims as a matter of law at this time inappropriate. *See Richmond, Fredericksburg & Potomac R. Co.,* 945 F.2d at 768. After the facts have been fully developed by way of discovery, defendant would be entitled to again challenge Counts I and II by way of a motion for summary judgment.

As noted herein, a Title VII complaint is limited by the scope of the investigation which could have reasonably been anticipated to have grown out of the EEOC charge. *Chisholm,* 665 F.2d at 491. Thus, federal courts can exercise jurisdiction only over those claims "encompassed within the EEOC charge and claims 'like or related to allegations in the charge, or which grow out of such allegations.'" *Riley,* 872 F.Supp. at 1459.

■■■ Count I of plaintiff's amended complaint contains a claim of hostile work environment on the basis of race, color,

religion and national origin. Count II alleges constructive discharge as the result of psychiatric conditions caused by the alleged hostile work environment. Plaintiff's EEOC Charge contains an allegation of discrimination only on the basis of plaintiff's religion, as well as an allegation of discriminatory retaliation. A careful comparison of the amended complaint and the EEOC Charge reveals that the only claim contained both in the amended complaint and in the EEOC Charge is plaintiff's claim of discrimination on the basis of religion.

■■■ Nevertheless, as demonstrated by the EEOC Harassment Form completed and filed by plaintiff, he did indicate to the EEOC that he believed himself to have been harassed by defendant on account of his race, color and national origin. As such, the EEOC Harassment Form constitutes evidence that these three additional claims, although not formally included in plaintiff's EEOC Charge, were claims which "grow out of" the allegations in the EEOC Charge, that they were likely "investigated by the [EEOC]", and that they therefore properly fall within this Court's subject matter jurisdiction. *Chisholm,* 665 F.2d at 491; *Riley,* 872 F.Supp. at 1459; *Mobley,* 473 F.Supp. at 854.[2] Furthermore, plaintiff's hostile work environment claim is certainly cognizable under Title VII. *Katz,* 709 F.2d at 254. Accordingly, this Court will not dismiss on jurisdictional grounds plaintiff's hostile environment claim insofar as it alleges discrimination against plaintiff on the basis of his race, color, religion and national origin.

■■■ This Court has further concluded that it should not dismiss as untimely plaintiff's claims concerning alleged discriminatory acts occurring prior to April 8, 1998. Plaintiff has alleged that on or about August 21, 1998 he was harassed and assaulted by his supervisor and that

---

**2.** Although the EEOC Harassment Form submitted by plaintiff was not an exhibit to the amended complaint, it may be considered by this Court for purposes of determining subject matter jurisdiction without transforming defendant's motion into a motion for summary judgment. *See Richmond, Fredericksburg & Potomac R. Co.,* 945 F.2d at 768.

such actions were motivated by his supervisor's racial and religious bias. *See* ¶ 11, Amended Complaint. He has also alleged as a part of his hostile work environment claim that the discrimination endured by him was of a "continuing" nature. *See* ¶ 14, Amended Complaint. Under the "serial" violation theory, plaintiff may be able to recover for alleged discriminatory acts which, although untimely by themselves, emanate from the same discriminatory animus as a timely discriminatory act. *Redding*, 996 F.Supp. at 490. Based on the allegations of the amended complaint, plaintiff may rely on a "continuing violation theory" to defeat at this stage of the case defendant's arguments that subject matter jurisdiction does not exist because his claims were not timely brought. The pertinent facts supporting plaintiff's claim that the discrimination experienced by him was of a "continuing" nature should be developed by way of discovery procedures.

■ Moreover, plaintiff also informed the EEOC, by way of his EEOC Harassment Form, of his alleged constructive discharge by the Department based upon the PTSD plaintiff suffered as the result of the hostile work environment created by defendant. Having been so informed, the EEOC presumably investigated that claim. This Court, therefore, properly possesses jurisdiction to entertain Count II of plaintiff's complaint.

■ This Court will also reject defendant's contention that plaintiff has failed to state in the amended complaint a proper Title VII claim upon which relief can be granted. Defendant has argued that the allegations in the amended complaint concerning plaintiff's hostile work environment claim are inadequate because they fail to state the elements of plaintiff's *prima facie* case and because they are therefore conclusory in nature. This argument is meritless. Rule 8(a)(2) merely requires plaintiff to make "a short and plain statement of the claim" as to which he believes himself to be entitled to relief. Plaintiff has done just that in the amended complaint by alleging in Paragraph 18 that defendant:

> pursued policies and practices that discriminates [*sic*] against the plaintiff on the basis of his religion (Islam), color (black) and national origin (Sudanese) by creating, maintaining, and condoning a hostile work environment by failing or refusing to promptly and effectively investigate and to take prompt and effective steps to remedy and prevent the hostile work environment.

As noted, the issue presented to a trial court in its review under Rule 12(b)(6) of the sufficiency of the allegations of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to present evidence to support the claims. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. From its review of the amended complaint, the Court is satisfied that plaintiff's allegations of a hostile work environment are cognizable, *see Katz*, 709 F.2d at 254, and that Count I satisfies the requirements of Rule 8(a)(2). Should defendant seek to challenge that claim on the merits, as it has attempted to do by relying on the *McDonnell Douglas* decision, the opportunity to do so will be afforded defendant after discovery has been completed when it would be entitled to file a motion for summary judgment.

Similarly, the Court concludes that Count II of the amended complaint satisfies the requirements of Rule 8(a)(2). Plaintiff has alleged that the hostile work environment to which he was subjected caused him to suffer "post traumatic stress syndrome" making it impossible for him to return to work. It is further alleged that "defendant constructively discharged the plaintiff by creating and condoning a hostile work environment." *See* Amended Complaint ¶ 21. These allegations constitute "a short and plain statement" of plaintiff's constructive discharge claim as required by Rule 8(a). As noted, to recover under a theory of constructive discharge, a plaintiff must show that his employer deliberately made his working conditions in-

tolerable and thereby forced him to quit his job. *Cavalier Hotel Corp.*, 48 F.3d at 1350. Since plaintiff has a cognizable claim of constructive discharge and has further satisfied Rule 8(a), this Court will at this early juncture of the case allow him to proceed under Count II of the amended complaint.

## V

### *Conclusion*

For all the reasons stated, this Court will grant in part and deny in part defendant's motion to dismiss the amended complaint.

Accordingly, it is this 10th day of April, 2000 by the United States District Court for the District of Maryland,·

ORDERED:

1. That defendant's motion to dismiss the amended complaint is hereby granted in part and denied in part;

2. That defendant's motion to dismiss Counts I and II of the amended complaint is hereby denied;  and

3. That defendant's motion to dismiss Count III is hereby granted.