**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1946**

STAN LABER,

        Plaintiff - Appellant,

     v.

PETE GEREN, Secretary of the Army,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:03-cv-00732-GBL)

Argued: January 29, 2009        Decided: March 12, 2009

Before WILLIAMS, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jeffrey Howard Greger, LAW OFFICE OF JEFFREY H. GREGER, P.C., Alexandria, Virginia, for Appellant. Leslie Bonner McClendon, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Ralph Andrew Price, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Rebecca Ausprung, Litigation Attorney, U.S. ARMY LITIGATION DIVISION, Arlington, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stan Laber, a civilian Army employee, commenced this Title VII action for religious discrimination against the U.S. Army, challenging the sufficiency of the remedies ordered by the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). Laber also alleged retaliation and the failure to accommodate. The district court granted summary judgment to the Army, and, for the reasons herein, we affirm.

I

When this case was before us earlier, see Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (en banc), we stated many of the facts relevant to the present appeal:

> Laber . . . was employed by the Army as an Operations Research Analyst at Fort Sheridan, Illinois. In mid-1990, motivated in part by his Jewish heritage, Laber applied for a position as a[n] Industrial Specialist in Tel Aviv, Israel. During the job interview, the selecting officer, Leo Sleight, asked Laber if he could be objective when dealing with Jewish contractors. Laber answered affirmatively, but Sleight offered the job to another applicant.

> Laber filed a formal EEO complaint with the Army alleging that Sleight discriminated against him on the basis of religion in failing to select him for the job. The Army accepted the complaint and, after conducting an internal investigation, concluded that Laber suffered no discrimination. Laber appealed to the OFO.

> On December 22, 1998, the OFO reversed and ordered the Army, inter alia, to pay Laber any backpay and benefits for which the Army determined he was eligible and to appoint Laber as an Industrial Specialist in

2

Israel or find a similar position for him. On January 25, 1999, Laber filed a motion for reconsideration, which the OFO denied on April 11, 2000. In May 2000, the Army determined that Laber was entitled to no backpay because his pay at his current job was higher than it would have been had he been working in Israel and that he was entitled to no overseas benefits because he had not actually been overseas. The Army also offered Laber a position as an Industrial Specialist in Germany, contending that it had no similar positions open in Israel. Laber refused the job in Germany and instead filed a petition for enforcement with the OFO, claiming, inter alia, that the Army's backpay and benefits calculations and its job offer were insufficient. Soon thereafter, the Army re-offered Laber the position in Germany, which he accepted, and in doing so, he expressly waived any claim that the Germany position was not compliant with that portion of the OFO's remedial award. He therefore withdrew that portion of his petition for enforcement challenging the Army's Germany job offer.

On January 23, 2002, the OFO issued a decision on the remainder of the petition for enforcement. In relevant part, the OFO determined that the record was unclear with respect to Laber's backpay and benefits arguments, and it required the Army to redetermine whether Laber was entitled to additional backpay and benefits. On or about May 29, 2002, the Army did so and concluded that Laber was entitled to over $9,000 in additional backpay, but that he was not entitled to receive any overseas benefits. On March 4, 2002, Laber filed a petition for clarification with the OFO, asserting that the Army's benefits and backpay calculations were still deficient. On March 10, 2003, the OFO affirmed that the Army had fully complied with the OFO's December 22, 1998 decision.

Id. at 411-12. In that appeal, we held inter alia that "Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the OFO's remedy was insufficient. Rather, in order properly to claim entitlement to a more favorable remedial award, the employee must place the

3

employing agency's discrimination at issue." Id. at 423-24 (footnotes omitted). In recognition of our holding, we remanded the case to allow Laber to amend his complaint. Id. at 429, 432.

On remand, Laber amended his complaint to allege several dozen counts as violations of Title VII. But the magistrate judge allowed only three counts to proceed: Count I for religious "discrimination in connection with the 1990 non-selection" for the position in Israel; Count II for "retaliation in connection with the 1990 non-selection"; and Count III for the Army's failure to make a religious accommodation in furnishing his apartment in Germany. Laber did not object to the magistrate judge's disposition, and with respect to these three counts, the district court granted summary judgment for the Army. From the court's judgment, Laber appeals. We review the district court's grant of summary judgment de novo, construing the facts in the light most favorable to Laber. See Holland v. Washington Homes, Inc., 487 F.3d 208, 213 (4th Cir. 2007).

II

Count I alleges religious discrimination based on the Army's failure to select Laber for the Israel position in 1990. The district court found these claims barred because Laber did

4

not bring suit in district court within the requisite 90 days of the OFO's "final" decision. See 42 U.S.C. § 2000e-16(c).

Laber contends that the March 10, 2003 decision on his petition for clarification of the Army's compliance with the enforcement order of January 23, 2002, was the relevant final decision, and therefore the present action, filed on June 6, 2003, less than 90 days after the clarification decision, would not be time-barred. The Army contends, on the other hand, that the relevant "final" decision is the April 11, 2000 decision on Laber's request for reconsideration of an earlier final decision dated December 22, 1998, which would make his claim time-barred.

The substance of Laber's claim in Count I is to review the entire OFO decision on his religious discrimination claim and to obtain additional remedies. The relevant decision deciding the merits of Laber's discrimination claims and providing him with remedies was rendered on December 22, 1998. Laber requested reconsideration of that decision, and the decision denying reconsideration was rendered on April 11, 2000. Even though the request for reconsideration extended the date of final decision for purposes of review, see 29 C.F.R. § 1614.407(c), the December 1998 decision became the final relevant decision, and the decision denying reconsideration so stated: "[The December 22, 1998] decision . . . remains the Commission's final decision." Because Laber did not file this action within 90

5

days of the December 1998 order, as extended to April 11, 2000, by the request for reconsideration, it is now time-barred.

In an effort to avoid this conclusion, Laber argues that he commenced this action to review the decision of March 10, 2003, rendered by the OFO on Laber's petition for clarification of the Army's compliance with the OFO's enforcement order of January 23, 2002. But the present action does not seek to review the March 10, 2003 decision on the petition for clarification but rather for reconsideration of the merits and for additional remedies. A petition for "clarification cannot change the result of a prior decision or enlarge or diminish the relief ordered." 29 C.F.R. § 1614.503(c). Yet, in this suit Laber not only seeks to "enlarge . . . the relief ordered" but also to put the result of the OFO's December 22, 1998 decision at issue. These two characteristics of the current suit are incompatible with review of the petition for clarification, which only related to the Army's compliance with the OFO's January 23, 2002, decision. Because Laber's present action is not a suit to review the OFO's March 10, 2003 decision on his petition for clarification, the March 10, 2003 decision is not the relevant "final" decision.

Laber argues further that the EEOC's Management Directive 110, Chapter 9, supports his position. That directive states, "If the decision remands the complaint for further agency

6

consideration, the parties retain the rights of appeal and reconsideration with respect to any subsequent decision." He argues that because the OFO, in its enforcement decision of January 23, 2002, directed the Army to take specified remedial steps, he retained the right to appeal the entire case to the federal courts. But this argument fails even if we were to assume that the January 23, 2002 enforcement decision was a "remand" and that a Management Directive could trump clear regulations published in the Code of Federal Regulations. He ignores the sentence directly preceding the one upon which he relies, which reads "The Commission's decision on a request for <u>reconsideration</u> is <u>final</u>, and there is no further right by either party to request reconsideration." (Emphasis added). We conclude that the relevant "final" decision was the OFO's December 22, 1998 decision and the time period within which to review that decision began on April 11, 2000, when the OFO denied Laber's request for <u>reconsideration</u>. Accordingly, this suit is time-barred. <u>See</u> 42 U.S.C. § 2000e-16(c).

Laber argues alternatively that the doctrine of equitable tolling saves his action from failure to file within 90 days, relying largely upon the fact that in 2000, Army personnel took 78 days to calculate his backpay and other elements of his remedy, whereas the OFO order had given the Army only 60 days.

7

While we do not approve of the Army's late response, it does not support equitable tolling.

As the Supreme Court has noted, "Federal courts have typically extended equitable relief only sparingly." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990). Only in rare circumstances do we use equitable tolling, which "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>see</u> <u>Gayle v. United Parcel Service, Inc.</u>, 401 F.3d 222, 226 (4th Cir. 2005). For example, equitable tolling is appropriate "where the claimant has actively pursued his judicial remedies by filing a defective pleading during" the relevant limitations period. <u>Irwin</u>, 498 U.S. at 96. No similar circumstance is presented here.

Equitable tolling is also inappropriate in this case because the OFO found <u>for Laber</u> and also found the Army in <u>complete compliance</u> with its remedial order. <u>Cf.</u> <u>Nealon v. Stone</u>, 958 F.2d 584, 587 (4th Cir. 1992). Laber received an overseas appointment in Germany, attorney's fees, and other remedies. And in its March 10, 2003, order the OFO affirmed that the Army "has fully complied with" the OFO's December 22, 1998 decision.

8

In Count II, Laber asserts that the Army retaliated against him by providing him with insufficient remedies.  This is simply Count I restated under a different cause of action.  Because the 90-day limitation bars Count I, we find that it also bars Count II.

Count III alleges, for the first time, that the Army failed to accommodate Laber's religion in not reimbursing him for his purchase of a new oven for his kitchen in Germany.  This claim was not before us at the time of the en banc hearing, but rather was added on remand.  Even though it is a new claim, the district court allowed Laber to add this count to his complaint in the interest of judicial economy.

Count III stems from events in 2001 in Germany, where Laber moved for his overseas posting with the Army.  He lived off-base and chose an apartment with a used but working oven that fit into an odd-shaped space in the kitchen.  The Army normally ensures that its overseas civilian employees have access to a functioning oven, albeit not necessarily a brand-new oven.  But Laber wrote the Army in an email:

> Although the current oven and range provided by my landlord is operable, my religion requires that I not use it and instead only utilize an oven that has not previously been used. . . . A housing office representative [from the Army] inspected the kitchen

9

on 2/28/01 and advised that the free standing oven normally provided by his office (assuming it were a new oven) cannot be installed because of the physical and technical constraints of the kitchen.

On March 15, 2001, Laber requested that the Army purchase a new oven for him that would fit into the odd-shaped space in his kitchen, but an Army official denied his request, stating there was no funding to do so.  Laber "appealed" this lack-of-funding finding to a Colonel.  But before he heard back from the Colonel, he went ahead and purchased a new oven, using his own money.  He then sought reimbursement for the purchase.  The Army denied the request because Laber did not obtain prior approval for the purchase.  Laber then filed the religious discrimination claim in Count III.

To succeed on his claim, Laber must establish a prima facie case:

> To establish a prima facie religious accommodation claim, a plaintiff must establish that:  (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was <u>disciplined</u> for failure to comply with the conflicting employment requirement.

<u>Chalmers v. Tulon Co. of Richmond</u>, 101 F.3d 1012, 1019 (4th Cir. 1996) (quotation marks and citations omitted) (emphasis added).

Laber provides no evidence that his reimbursement was denied because of his religious belief.  The initial request for an oven was denied for lack of funding, and his request for reimbursement was denied because he failed to obtain approval

10

for the purchase.  Laber has cited no authority, nor have we independently found any, that would suggest that the Army had "disciplined" Laber for his religious beliefs by failing to reimburse him, when he lacked prior approval.  We conclude, therefore, that Laber failed to make a prima facie case.

For the reasons given, the district court properly granted summary judgment in favor of the Army, and its judgment is

AFFIRMED.