**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2037**

PATRICIA HENTOSH,

  Plaintiff - Appellant,

  v.

OLD DOMINION UNIVERSITY,

  Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:12-cv-00222-RGD-LRL)

Argued: May 13, 2014                Decided: September 24, 2014

Before DUNCAN and WYNN, Circuit Judges, and J. Michelle CHILDS, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge Childs wrote the opinion, in which Judge Duncan and Judge Wynn joined.

**ARGUED**: Raymond Lee Hogge, Jr., HOGGE LAW, Norfolk, Virginia, for Appellant. George William Norris, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF**: Kenneth Michael Golski, HOGGE LAW, Norfolk, Virginia, for Appellant. Kenneth T. Cuccinelli, II, Attorney General, Wesley G. Russell, Jr., Deputy Attorney General, Peter R. Messitt, Senior Assistant Attorney General, Ronald N. Regnery, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

CHILDS, District Judge:

Patricia Hentosh ("Hentosh") appeals a district court order that granted summary judgment to her former employer, Old Dominion University ("ODU"), on a claim for retaliation regarding the denial of her application for tenure. Hentosh argues that the district court erred in granting summary judgment because it lacked subject matter jurisdiction over a retaliation claim that grew out of and was reasonably related to an untimely filed charge of discrimination. For the reasons that follow, we affirm.

I.

ODU is a public university located in Norfolk, Virginia. Hentosh, a white female, was a professor at ODU from approximately January 2006 to June 2013 in ODU's School of Medical Laboratory and Radiation Sciences, one of several schools/departments within the College of Health Sciences. Hentosh's claims are tied to her belief that ODU has an unwritten but widespread policy or practice of discriminating against whites and in favor of minorities, and that said policy caused ODU to, among other things, ignore Hentosh's complaints about Anna Jeng, an Asian professor in ODU's School of Community and Environmental Health, a division of the College of Health Sciences.

2

On or about May 26, 2010, Hentosh filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that ODU had discriminated against her on the basis of race and retaliated against her for filing a complaint against Jeng. To support her charge, Hentosh primarily alleged discrete employment acts by ODU that had occurred more than three hundred (300) days prior to the filing of the charge. On January 26, 2012, the EEOC dismissed Hentosh's charge and issued her a right to sue letter. While the EEOC's investigation of her charge was ongoing, Hentosh became eligible for tenure in the fall of 2011, but ODU denied her application for tenure.

On April 24, 2012, Hentosh filed suit against ODU alleging discrimination on account of her race and retaliation for engaging in protected activities, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. As part of her claims, Hentosh alleged that she was denied tenure as a direct result of both the discrimination and the retaliation.

ODU moved the district court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In granting in part ODU's motion to dismiss, the district court found that it did not have subject matter jurisdiction over ODU's acts of adverse conduct raised in the charge of discrimination because

3

Hentosh failed to timely complain to the EEOC within three hundred (300) days of the conduct and thus had failed to properly exhaust her administrative remedies.[1] The district court further found that it did not have subject matter jurisdiction over Hentosh's claim of discrimination regarding the denial of tenure because the claim was neither within the scope of the charge nor reasonably related to the charge to be considered exhausted. However, the district court denied ODU's motion to dismiss the retaliation claim regarding its rejection of Hentosh's application for tenure, finding that she could sue on the retaliation claim "without having to file a new EEOC Charge." (J.A. 53 (citing Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) ("[A] plaintiff may raise the retaliation claim for the first time in federal court.")).) Subsequently, the district court granted ODU's motion for summary judgment on Hentosh's retaliation claim regarding the rejection of her application for tenure, finding that she failed to establish that ODU's desire to retaliate was the but-for cause of its

---

[1] Approximately three (3) weeks after the district court issued its order on ODU's motion to dismiss, Hentosh filed a second charge of discrimination on August 23, 2012. In the second charge, Hentosh alleged that she suffered discrimination on the basis of her race and retaliation when ODU denied her tenure and issued her a terminal teaching contract. After receiving the right to sue from the EEOC, Hentosh filed a second action against ODU on May 21, 2013, asserting claims for discrimination and retaliation regarding the denial of tenure.

adverse employment acts. After the district court entered judgment for ODU, Hentosh timely filed a notice of appeal.

## II.

On appeal, Hentosh argues that the district court committed reversible error by failing to dismiss her tenure retaliation claim with her other claims. In this regard, she argues that the district court did not have subject matter jurisdiction over the tenure retaliation claim after it (1) dismissed the claims brought pursuant to untimely discriminatory conduct set forth in the EEOC charge and (2) dismissed the claims based on discriminatory conduct occurring subsequent to the EEOC charge because it was unrelated to the EEOC charge and not exhausted.[2] Based on the foregoing, Hentosh asserts that this Court's unpublished opinion in Mezu v. Morgan State Univ., 367 F. App'x 385 (4th Cir. 2010), requires the Court to vacate the district court's judgment on the tenure retaliation claim and remand the case to the district court to dismiss the claim for lack of subject matter jurisdiction.[3] We disagree.

---

[2] Hentosh does not suggest that the district court erred in finding that the tenure retaliation claim was like, related to, or grew out of the EEOC Charge.

[3] In Mezu, the Court affirmed the district court's dismissal of Mezu's failure to promote and retaliation claims as untimely filed, finding that "Mezu had no claims properly before the court to which she could attach her retaliation claims . . . [and she] is not relieved of the timeliness and exhaustion (Continued)

5

A brief discussion of the scope of our jurisdiction over Title VII claims clarifies why the district court retained jurisdiction over Hentosh's retaliation claim after dismissing her underlying discrimination claims as untimely. Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Id. The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting EEOC v. Gen. Elec., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").

---

requirements." Mezu v. Morgan State Univ., 367 F. App'x 385, 389 (4th Cir. 2010).

Significantly here, in Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992), we held that a plaintiff may raise for the first time in federal court the claim that her employer retaliated against her for filing with the EEOC in violation of Title VII. Id. at 590. This exception is "the inevitable corollary of our generally accepted principle" that we have jurisdiction over those claims "reasonably related to" the allegations in the administrative charge. Id. Practically, it also responds to the fact that if a plaintiff faced retaliation for filing an initial EEOC claim, she would "'naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation.'" Id. (quoting Malhotra v. Cotter & Co., 885 F.2d 1305, 1312 (8th Cir. 1989)).

The plaintiff's filing with the EEOC must also be timely. See 42 U.S.C. § 2000e-5(e)(1); EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988). If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed. See 42 U.S.C. § 2000e-5(e)(1); EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988). The failure to timely file an EEOC charge, however, does not deprive the district court of subject matter

jurisdiction. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The court retains discretion, therefore, to equitably toll the statutory deadline. Id.; see also Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990).

It is undisputed here that Hentosh met the jurisdictional requirement of exhaustion of administrative remedies as to her Title VII discrimination claims. Under Nealon, therefore, it follows that the district court had jurisdiction over her related Title VII retaliation claim. Hentosh argues, however, that her failure to timely file with the EEOC means that her discrimination claims were never properly before the court. Therefore, she contends, the district court lacked jurisdiction over her related retaliation claims. Hentosh relies heavily upon our unpublished decision in Mezu, which she reads as holding retaliation claims cannot "relate to" discriminatory conduct alleged in an untimely EEOC charge.

Even assuming her reading is correct, however, Mezu as an unpublished decision is neither controlling nor persuasive here as it conflicts with our published precedent in Nealon. See Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 338-39 (4th Cir. 2009) (recognizing that ordinarily, unpublished opinions are not accorded precedential value but that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning") (quoting Collins v. Pond

8

Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006)). In Nealon, the plaintiff, an employee of the United States Army, exhausted her administrative remedies by first filing her Title VII gender discrimination claim with the EEOC prior to filing in federal court. Id. at 587. She failed, however, to inform her supervisor within thirty days of the alleged act of discrimination, thereby missing a regulatory, non-jurisdictional deadline. Id. We affirmed the district court's dismissal of her Title VII claim as untimely, but held that the district court retained jurisdiction over her related retaliation claim. Id. The critical fact was that the plaintiff's retaliation claim was like or related to acts of discriminatory conduct which, although untimely, were exhausted in the prior EEOC charge. Id. Similarly here, because the district court had subject matter jurisdiction over Hentosh's administratively exhausted but untimely filed non-retaliation claims, the district court properly exercised subject matter jurisdiction over Hentosh's related tenure retaliation claim. Nealon, 958 F.2d at 590.[4]

---

[4] The Court notes that in Nealon, the plaintiff, in addition to her untimely, exhausted discrimination claim, also had a timely filed Equal Pay Act (EPA) claim pending before the district court. Nealon, 958 F.2d at 590. The Nealon Court, however, did not suggest that the presence of the timely filed EPA claim affected its decision. See id.

9

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.