**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1762**

FELICIA A. UNDERDUE,

       Plaintiff - Appellant,

    v.

WELLS FARGO BANK, N.A.,

       Defendant – Appellee,

   and

ILA N. PATEL; KENDRA BROWN; SUSAN LYBRAND,

       Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:14-cv-00183-RJC)

Submitted:  February 17, 2017                Decided:  April 11, 2017

Before WILKINSON, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed in part and affirmed as modified in part by unpublished per curiam opinion.

Felicia A. Underdue, Appellant Pro Se.  Shalanna Lee Pirtle, Keith Michael Weddington, PARKER, POE, ADAMS & BERNSTEIN, LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felicia Ann Underdue appeals the district court's order dismissing her second amended complaint against her former employer, Wells Fargo Bank, N.A. We have reviewed the record and initially conclude that the district court properly dismissed Underdue's claim for intentional infliction of emotional distress. Accordingly, we affirm the portion of the district court's order dismissing this claim. Underdue v. Wells Fargo Bank, N.A., No. 3:14-cv-00183-RJC (W.D.N.C. June 20, 2016).

Next, the district court dismissed Underdue's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., for lack of subject matter jurisdiction. We agree that Underdue failed to exhaust her administrative remedies and affirm as modified to clarify that the dismissal of Underdue's ADEA claim is without prejudice.

The district court also dismissed Underdue's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., for lack of subject matter jurisdiction. Although we agree that Underdue did not timely file the Equal Employment Opportunity Commission ("EEOC") charge that formed the basis of the complaint, the timeliness of an EEOC charge is not a jurisdictional matter. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) ("The failure to timely file an EEOC charge . . . does not deprive the district court of subject matter jurisdiction."). Accordingly, we affirm as modified to reflect that Underdue's Title VII and ADA claims are dismissed for failure to state a claim for relief. See Ellis v. La.-Pac. Corp., 699 F.3d 778, 786 (4th Cir. 2012)

3

("This court is entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.") (internal quotation marks omitted).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*AFFIRMED AS MODIFIED IN PART*