**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2041**

DR. CYNTHIA FISHER,

            Plaintiff - Appellant,

        v.

WALGREENS,

            Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:17-cv-00225-MOC-DLH)

Submitted:  February 26, 2019                    Decided:  February 28, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Cynthia Fisher, Appellant Pro Se.  Elizabeth Ruth Gift, Kelly S. Hughes, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Fisher seeks to appeal the district court's order adopting the magistrate judge's report and dismissing her complaint without prejudice. Before addressing the merits of Fisher's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Because the order from which Fisher appeals does not "clearly preclude amendment," Fisher may be able to remedy the deficiencies identified by the district court by filing an amended complaint. Accordingly, the district court's dismissal order is neither a final nor an appealable interlocutory or collateral order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

We therefore deny Fisher leave to proceed in forma pauperis and dismiss this appeal for lack of jurisdiction. *Goode*, 807 F.3d at 630. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. Here, however, Fisher already filed a motion for leave to amend her complaint, which the district court denied as futile. Accordingly, we direct on remand that the district court, in its discretion, either afford Fisher another opportunity to file an amended complaint or

2

dismiss the claims over which the district court has jurisdiction with prejudice,[*] thereby rendering the dismissal order a final, appealable order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] We recognize that the district court lacked jurisdiction over the claims that Fisher failed to exhaust and may not dismiss the complaint in its entirety with prejudice. *See Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014).