**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1967**

MENGYANG LI,

Plaintiff - Appellant,

v.

SHEPHERD UNIVERSITY,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cv-00216-GMG-RWT)

Submitted:  August 18, 2022                          Decided:  November 14, 2022

Before KING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mengyang Li, Appellant Pro Se.  Tracey Brown Eberling, STEPTOE & JOHNSON PLLC, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mengyang Li filed a civil action against his employer, Shepherd University ("Shepherd") alleging claims for perjury and violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). The district court granted Shepherd's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). On appeal, Li challenges the district court's conclusions that his ADEA claims were barred by sovereign immunity and that his Title VII claims were subject to dismissal for failure to exhaust administrative remedies.[1] We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017). Dismissal is appropriate under Rule 12(b)(1) "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal quotation marks omitted). In evaluating the existence of subject matter jurisdiction, the district court must "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." *Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 155 n.6 (4th Cir. 2021) (internal quotation marks omitted).

---

[1] Although Li addresses the district court's ruling on his perjury claims in his reply brief, that issue is not properly before us. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (deeming issues raised for first time in reply waived).

We also review de novo the district court's ruling on a motion to dismiss for failure to state a claim, "viewing the facts in the light most favorable to the plaintiff." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021). To survive a Rule 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making this determination, we may "consider documents that are explicitly incorporated into the complaint by reference" or "attached to the complaint as exhibits," as well as "document[s] submitted by the movant" that are "integral to the complaint" and of undisputed authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). We also "may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

With respect to Li's age discrimination claims, we have reviewed the record and find no reversible error in the district court's conclusion that Eleventh Amendment immunity barred relief under the ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that Congress has not abrogated Eleventh Amendment immunity for ADEA claims); *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (describing exceptions to Eleventh Amendment immunity). Additionally, insofar as Li challenges the district court's refusal to recognize age discrimination claims under the Fourteenth Amendment and the West Virginia Constitution, we conclude that the district court committed no reversible error in declining to consider those claims. *See ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 218 (4th Cir. 2019) ("[A] district court does not abuse its discretion by declining to grant a request to amend when it

3

is not properly made as a motion."); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (observing that "[c]ourts may deny leave to amend a pleading if the amendment would have been futile" because proposed amendment "would not survive a motion to dismiss"); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (stating "well-established" rule "that parties cannot amend their complaints through briefing"); *see also Zombro v. Balt. City Police Dep't*, 868 F.2d 1364, 1367-69 (4th Cir. 1989) (holding that ADEA provides exclusive judicial remedy for age discrimination in employment).

Turning to Li's Title VII claims,[2] we are unpersuaded by Li's arguments that, as a matter of state law, he fully exhausted his administrative remedies with respect to proceedings he initiated before the West Virginia Public Employees Grievance Board (PEGB). *See Li v. Shepherd Univ. President's Office*, No. 20-0393, 2021 WL 2580734, at *4 (W. Va. June 23, 2021), *cert. denied*, 142 S. Ct. 1209 (2022); *Subramani v. W. Va. Univ. Bd. of Governors*, No. 14-0924, 2015 WL 7628720, at *5 (W. Va. Nov. 20, 2015). However, construing Li's complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Li also argues that he was not required to exhaust the state-law PEGB

---

[2] Although the district court dismissed the Title VII claims for lack of jurisdiction, Title VII's exhaustion requirement is a nonjurisdictional claim-processing rule. *See Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843, 1850-51 (2019); *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022). Nevertheless, we address the propriety of dismissal pursuant to Rule 12(b)(6). *See Hawes v. Network Sols., Inc.*, 337 F.3d 377, 383 (4th Cir. 2003); *see also Goines*, 822 F.3d at 166 (discussing materials appropriately considered); *Philips*, 572 F.3d at 180 (same).

4

procedures as a prerequisite to filing employment discrimination claims under Title VII in federal court.  We agree.

"Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the [Equal Employment Opportunity Commission (EEOC)]." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014); *see* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1).  Where the plaintiff challenges an employment practice occurring in a state that has both a "law prohibiting the unlawful employment practice alleged," 42 U.S.C. § 2000e-5(c), and "a fair employment agency of its own empowered 'to grant or seek relief,' Title VII instructs the complainant to file her charge first with the state or local agency," *Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) (quoting 42 U.S.C. § 2000e-5(c)).  If the state has a work sharing agreement with the EEOC, the plaintiff typically "need not file separately with federal and state agencies," but instead "may file her charge with one agency, [which] will then relay the charge to the other."  *Id.*; *see* 29 C.F.R. § 1601.13 (2022); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995).

Upon receipt of the charge, the EEOC conducts an investigation and, if it declines to bring a civil action against the employer, dismisses the charge and notifies the complainant of her right to sue. *Davis*, 139 S. Ct. at 1846-47.  "Whether or not the EEOC acts on the charge, a complainant is entitled to a 'right-to-sue' notice 180 days after the charge is filed." *Id.* at 1846; *see* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28 (2022). "And within 90 days following such notice, the complainant may commence a civil action against the allegedly offending employer." *Davis*, 139 S. Ct. at 1846; *see* 42 U.S.C.

5

§ 2000e-5(f)(1). The receipt of, or at least entitlement to, the statutory right-to-sue letter is a prerequisite to suit in federal court. *See Davis*, 48 F.3d at 140.

West Virginia has sought to provide relief for employment discrimination based on characteristics such as race and national origin by enacting the West Virginia Human Rights Act, *see* W. Va. Code Ann. §§ 5-11-1 to 5-11-20 ("WVHRA"), which is enforced through the West Virginia Human Rights Commission ("HRC"), s*ee* W. Va. Code § 5-11-8(c), (d). The HRC is a designated fair employment agency operating under a work sharing agreement with the EEOC. *See* 29 C.F.R. § 1601.74(a) (2022); *Petrelle v. Weirton Steel Corp.*, 953 F.2d 148, 151 (4th Cir. 1991). In contrast, the PEGB is not identified as a designated fair employment agency. *See* 29 C.F.R. § 1601.74(a). Nor is the PEGB authorized to determine liability under the WVHRA, although it may remedy discrimination that also would violate the WVHRA. *Weimer v. Sanders*, 752 S.E.2d 398, 407 (W. Va. 2013); *Vest v. Bd. of Educ. of Cnty. of Nicholas*, 455 S.E.2d 781, 785 (W. Va. 1995).

The "procedures employed by the [PEGB] are not substantially similar to those employed by either a court of law or the [HRC]," lacking such meaningful protections for claimants as an independent investigation, attorney representation, and discovery. *Weimer*, 752 S.E.2d at 408. As a result, a claimant is not required to exhaust remedies under the PEGB to pursue claims for violations of the WVHRA, even where the PEGB and WVHRA claims arise out of the same facts or circumstances. *Id.* at 409.

As Li asserts, the timeline of his protracted PEGB proceedings conflicted materially with the statutory time limitations applicable to his Title VII claims. *See* 42 U.S.C.

6

§ 2000e-5(e)(1), (f)(1).  And, applying *Weimer* and *Vest* to the analogous Title VII context, the PEGB is not a state authority capable of affording substantial relief to an aggrieved employee for violations of Title VII, as would require exhaustion under 42 U.S.C. § 2000e-5(c).  *See Davis*, 139 S. Ct. at 1846; *see also Knotts v. Grafton City Hosp.*, 786 S.E.2d 188, 197 (W. Va. 2016) (acknowledging overlap between Title VII and WVHRA).  Thus, we conclude that federal law did not require Li to comply with the PEGB procedures as a prerequisite to suit under Title VII.

We are unpersuaded by Shepherd's apparent assertion that the West Virginia legislature established an independent state-law exhaustion requirement for West Virginia's public employees under the PEGB procedures as a precondition to filing federal employment discrimination claims in federal court.  As Li observes, he satisfied Title VII's exhaustion requirement of filing a charge with the EEOC and obtaining a right-to-sue letter before filing suit.  *See Davis*, 48 F.3d at 137.  And, Shepherd has not argued that Li was required to comply with any other state administrative remedies prior to filing suit under Title VII.  We therefore conclude that the district court erred in dismissing Li's Title VII claims for failure to exhaust administrative remedies.

Accordingly, we vacate the district court's dismissal of Li's Title VII claims, affirm the district court's order in all remaining respects, and remand for further proceedings in accordance with this opinion.  We deny Li's requests to reassign the action to a different district judge, *see United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019), and to strike Shepherd's response brief.  We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*